IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARMANDO SERRANO | ) | |
| | ) | Case No. 17 CV 2869 |
| Plaintiff, | ) | |
| | ) | Hon. Manish S. Shah |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Susan E. Cox |
| | ) | |
| REYNALDO GUEVARA, ERNEST | ) | JURY DEMAND |
| HALVORSEN, EDWARD MINGEY, | ) | |
| MATTHEW COGHLAN, JOHN DILLON, the | ) | |
| CITY OF CHICAGO, and COOK COUNTY | ) | |
| | ) | |
| Defendants. | ) | |
| JOSE MONTANEZ | ) | |
| | ) | Case No. 17 CV 4560 |
| Plaintiff, | ) | |
| | ) | Hon. Manish S. Shah |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Susan E. Cox |
| | ) | |
| | ) | JURY DEMAND |
| REYNALDO GUEVARA, ERNEST | ) | |
| HALVORSEN, EDWARD MINGEY, | ) | |
| MATTHEW COGHLAN, JOHN DILLON, the | ) | |
| CITY OF CHICAGO, and COOK COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' JOINT MOTION TO QUASH DEFENDANT HALVORSEN AND MINGEY'S SUBPOENA TO THE ILLINOIS DEPARTMENT OF CORRECTIONS SEEKING OVER 20 YEARS' WORTH OF PLAINTIFFS' RECORDED PHONE CALLS**

NOW COMES, Plaintiffs Armando Serrano and Jose Montanez, by and through their attorneys, and pursuant to Fed. R. Civ. P. 45, move to quash Defendants Halvorsen and Mingey's ("Defendants") subpoena to the Illinois Department of Corrections ("IDOC") for recorded phone calls. In support thereof, Plaintiffs state as follows:

**INTRODUCTION**

Plaintiffs were wrongfully incarcerated in the Illinois Department of Corrections from 1995 until 2016. Both Plaintiffs received uncontested certificates of innocence for their wrongful convictions on November 2, 2016. Plaintiffs subsequently filed complaints in this court, alleging that defendants violated their constitutional rights and caused their 23-year wrongful incarcerations.

Defendants now seek the production of every single phone call recorded and maintained by IDOC for both Plaintiffs for over a 20-year period of time. Although Defendants *could have* subpoenaed call logs for the Plaintiffs' phone activity so as to narrow their request, they opted instead to subpoena *all* recorded calls in the custody and care of IDOC. Because Defendants' subpoenas amount to a brazen fishing expedition that violates Plaintiffs' privacy interest in the calls, the subpoenas must be quashed. *See Simon v. Northwestern Univ., et al.* 2017 U.S. Dist. LEXIS 2461 (N.D. Ill., Jan. 6, 2017), *Coleman v. City of Peoria,* 2016 U.S. Dist. LEXIS 95752 (C.D. Ill., July 22, 2016).

**RELEVANT FACTUAL BACKGROUND**

On January 8, 2019, Defendants issued a subpoena to the Illinois Department of Corrections seeking, among other things, copies of all recorded calls "regarding" both Plaintiffs from 1995 to July 2016. *See* Exhibit A. Plaintiffs' counsel received copies of the subpoena by electronic mail that same day. *See* Certification of Counsel.

On January 18, 2019, Plaintiff's counsel notified all counsel and the Illinois Department of Corrections that Plaintiffs would be seeking to quash the subpoena to the extent that it seeks over 20-years' worth of recorded phone calls between Plaintiffs and untold number of people. *Id*. On January 25, 2019, the parties participated in a telephone conference to confer about Plaintiffs'

2

objections to the scope of defendants' subpoena and to determine whether the parties could resolve the dispute absent court intervention. *Id*. During that conversation, Plaintiff's counsel indicated that she did not object in theory to the production of certain telephone calls but argued that the request was overly broad, infringed on the Plaintiffs' privacy interests, and amounted to an impermissible fishing expedition. Plaintiff's counsel alerted Defendants to authority from this district that supported that position. *Id.*

Undersigned counsel forwarded supporting case law to opposing counsel and suggested that Defendants first obtain Plaintiffs' complete call logs from IDOC. Counsel assured Defendants that upon receipt of the calls, Plaintiffs would assist, to the best of their ability, in identifying the account holders for the phone numbers on the logs.[1] Once the phone numbers were identified, the parties could determine whether they could agree as to what calls should be produced if any.

Via email communications, Defendants declined Plaintiffs' offer instead demanding that Plaintiffs provide a list of *all* phone numbers for family members, friends, attorneys, and all persons associated with Northwestern's innocence project who Plaintiffs might have communicated with over the 20-year period. Undersigned counsel stated that the request was unreasonable and not even possible since apart from perhaps a family home phone number, Plaintiffs could not possibly recollect the phone numbers of every person with whom they communicated over a 20 year period of time. Undersigned counsel pointed out that even if Plaintiffs were capable of supplying this information, it would not be productive since the parties would still need to identify what calls had been maintained by IDOC and who was the recipient

---

[1] Having litigated this exact issue before (on the opposite side of the argument), Plaintiff's counsel has personal knowledge that IDOC maintains logs that reflect the phone numbers and addresses of individuals who prisoners call, as well as, logs of phone numbers, dates, times, and length of calls made by prisoners. *See* Certification of Counsel.

of the call before determining whether it should be produced. Plaintiff reiterated upon receipt of Plaintiffs' call logs, Plaintiffs would work with defendants to identify the calls on the logs and determine whether the disputes over production could be narrowed. Defendants rejected Plaintiff's offer and advised Plaintiff that he would need to seek relief from this Court. *Id*. This motion follows.

## ARGUMENT

Fed. R. Civ. P. 45(d)(3)(A)(iii-iv) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify the subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." The party seeking to quash a subpoena under Rule 45(d)(3) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden. *Hodgon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill 2007). "When a party objects to a subpoena under Rule 45, the subpoenaing party must justify its pursuit." *Wilson v. O'Brien,* 2009 U.S. Dist. LEXIS 22967, *21 (N.D. Ill. 2009). Additionally, the scope and limits of production under a subpoena is the same as the scope for discovery generally under Fed. R. Civ. P. 26.

    A.    **Plaintiffs Have Standing to Quash the IDOC Subpoena.**

Preliminarily, Plaintiffs have standing to object to the production of over 20 years of their recorded phone conversations. *See, e.g. Simon,* 2017 U.S. Dist. LEXIS 2461 at *7; *Coleman,* 2016 U.S. Dist. LEXIS 95752 at *9. A party has standing to quash a subpoena issued by another party to the litigation and directed to a non-party in two instances, if the movant has a claim of privilege attached to the information sought or the subpoena implicates the movant's privacy interests. *Hard Drive Prod. v. Doe,* 2012 U.S. Dist. LEXIS 82927, at *9 (N.D. Ill. June 14,

4

2012). "Courts have found standing . . . even where the Movant's privacy interest is minimal best." *HTG Capital Partners, LLC v. Doe,* 2015 U.S. Dist. LEXIS 126538, at *9 (N.D. Ill. Sept. 22, 2015). The party seeking to quash the subpoena has the burden of demonstrating that the information or documents sought are either privileged or implicate a privacy interest. *Wauchop v. Domino's Pizza, Inc.,* 138 F.R.D. 539, 543 (N.D. Ind. 1991).

In *Simon*, the plaintiff sued Northwestern University and individuals associated with the university's innocence project, alleging that defendants caused his wrongful conviction and incarceration. *Simon,* 2017 U.S. Dist. LEXIS 2461 at *2. Defendants issued a subpoena to the Illinois Department of Corrections seeking Plaintiff's phone calls for a 15-year period of time. *Id*. at *4. The plaintiff moved to quash. The district court found that the plaintiff enjoyed standing to challenge the subpoena, writing:

> The court finds that Simon [plaintiff] has the minimal privacy interest necessary to challenge the subpoena. The production of every single phone call over the fifteen years Simon was incarcerated undoubtedly will yield details unrelated to the instant litigation. This court doubts, for example, Simon anticipated his remarks to a friend about the weather, slights uttered in a heated lover's quarrel, or any unrelated conversation ranging from the most benign topics (the former) to the most intimate (the later) would find its way as an exhibit in this lawsuit. Accordingly, Simon has standing to move to quash the subpoena. *Id*. at *7

Similarly, in *Coleman,* the district court held that prisoners enjoy a privacy interest in their recorded phone calls since they would reasonably expect access to recordings of their telephone calls to be limited to prison officials, law enforcement officials, and other pubic officers with a bona fide need for such access. *Coleman,* 2016 U.S. Dist. LEXIS 95752 at *9

Accordingly, just like the plaintiffs in *Simon* and *Coleman,* Plaintiffs here enjoy a privacy interest in 20-years of recorded phone calls made during their wrongful incarcerations.

5

**B.      Because Defendants' Broad Subpoena Is Unsupported by Any Factual Basis Showing that the Alleged Recordings Contain Evidence Relevant to the Litigation, It Must Be Quashed.**

Having established that Plaintiffs may challenge the subpoena, this court must next balance the burden of compliance against the benefit of production of the material sought in determining whether the subpoena should be quashed or modified. *Simon,* 2017 U.S. Dist. LEXIS 2461 at *7. Defendants' subpoena must be quashed where they are unable to make any showing that all or any of the calls are likely to be relevant to the litigation. Because defendants have refused to first subpoena the Plaintiffs' calls logs, they cannot even represent to this court what calls exist or identify the individuals with whom Plaintiffs conversed over their two decade wrongful conviction. Defendants simply want to listen to thousands of Plaintiffs' phone calls with their parents, children, wives, girlfriends, and other loved ones in the hopes of finding something relevant and useful. The subpoena is nothing more than an impermissible fishing expedition.

Case law fully supports Plaintiffs' position. In *Simon,* the defendant, like the defendants here, sought to subpoena all of plaintiff's telephone calls for a 15-year period of time. The district court held that the defendant's broad discovery request did not outweigh Simon's privacy interest in the calls. *Id*. at *10. The court observed that the defendant had failed "to provide sufficient facts for the court to ascertain how all calls placed over the fifteen-year period of Simon's incarceration would either be relevant to the litigation or necessary to defend the claims against him."  The court observed that the defendant had failed to provide specific names, dates, times, or evidence that the calls are relevant to in the litigation. *Id*.

6

The *Simon* court characterized the subpoena as a "broad fishing expedition" and contrasted it to the narrowly tailored subpoena at issue in *Coleman*. *Id.* at *10-11. *In Coleman*, also a wrongful conviction case, defendants issued a subpoena to IDOC seeking recorded phone calls between Plaintiff and specific witnesses to the crime. In the *Coleman* subpoena, the defendants individually listed the names of each person whose calls they believed would contain pertinent information. All of the individuals had previously given testimony in the underlying criminal matter. Further, deposition testimony revealed that the plaintiff had actually spoken to these individuals by telephone via third-parties while incarcerated. Under those specific circumstances, the *Coleman* court denied the motion to quash, finding that defendants had provided the necessary factual basis to justify the request. *Id*.

The subpoena issued in this case suffers from the same defect as the subpoena issued in *Simon* as it seeks 20 years' worth of recorded calls without providing any factual basis to show the potential relevance of the calls. The subpoena does not identify what calls exist, the identity of the individuals with whom Plaintiffs conversed, when the calls were placed or the nature of the calls. If the defendants could show, for example, that Plaintiffs spoke by telephone to any of the witnesses in the case (as defendants were able to do in *Coleman*), Plaintiffs would likely have no objection to such a request. However, the defendants make no such showing whatsoever as to the potential relevance of the calls they seek. They instead assert a blanket right to listen to every single phone call Plaintiffs made for over 20 years, regardless of the likelihood that the conversation is relevant to the instant litigation. Consistent with the court's decision in *Simon*, this request is simply over broad and an infringement on Plaintiffs' minimal privacy interests in the calls. Accordingly, this Court should quash defendants' subpoena.

## **CONCLUSION**

Plaintiffs, Serrano and Montanez, respectfully request that this Court enter an order quashing the defendants' subpoena to the extent that it seeks 20 years' worth of recorded phone calls placed by Plaintiffs during their wrongful incarceration.

                                                  Respectfully Submitted,

                                                  /s/JENNIFER BONJEAN
                                                  *Armando Serrano's Attorney*

                                                 /s/RUSSELL AINSWORTH
                                                 *Jose Montanez's Attorney*

## CERTIFICATE OF SERVICE

      I, RUSSELL AINSWORTH, an attorney licensed to practice in this Court and before the Courts of Illinois hereby certify that I filed the Plaintiffs' Joint Motion to Quash Defendants' Subpoena to the IDOC on February 11, 2019. A copy of Plaintiff's motion was automatically served on Defendants' counsel via ECF.

      /s/ RUSSELL AINSWORTH